IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:13CV208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEANINE, deputy clerk Douglas | ) | |
| County District, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on July 10, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against "Jeanine," a Deputy Clerk in the Douglas County District Court. (Filing No. 1.) Plaintiff alleges Jeanine violated his First Amendment and equal protection rights when she refused to provide him with the case number for a case filed by "Audrey Melena." (*Id*. at CM/ECF p. 1.) Plaintiff asserts the case is a "matter of public record" and he is entitled to the information. (*Id*.) Plaintiff seeks an injunction against further violations of his rights and $10,000,000.00. (*Id*. at CM/ECF pp. 2-3.)

## II.      APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Like judges, court clerks are entitled to absolute immunity. This type of immunity is called "absolute quasi-judicial immunity." *See Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). However, court clerks are only entitled to absolute quasi-judicial immunity for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (concluding that when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); *c.f. McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (per curiam) (holding court clerk's failure to provide transcript as ordered by court was not clearly a discretionary act entitling clerk to immunity).

Here, Plaintiff's sole allegation is that Defendant violated his First Amendment and equal protection rights when she refused to provide him with the case number for a case filed by "Audrey Melena." (Filing No. 1 at CM/ECF p. 1.) This allegation, without more, does not allow the court to reasonably infer that Defendant violated his constitutional rights. Even if Plaintiff had alleged more, clerks are immune from suit

for performing acts that are discretionary in nature. *See, e.g., Bryan v. Friedman*, No. 4:08-3538-TLW-TER, 2008 WL 5378225, at *3 (D.S.C. Dec. 19, 2008) (concluding court clerk was entitled to immunity for plaintiff's claims that clerk refused to provide him with documents relating to Grand Jury documents); *Carr v. Mahone*, No. H-08-0132, 2008 WL 375501, at *4 (S.D. Tex. Feb. 11, 2008) (finding plaintiff's allegations could not overcome clerk's entitlement to immunity where clerk allegedly refused to provide the Supreme Court with evidence of plaintiff's effort to file a timely petition); *Lyle v. Jackson*, No. 02–1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (finding quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Dieu v. Norton*, 411 F.2d 761 (7th Cir. 1969), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) (holding that court reporter and court clerk who refused to give plaintiff transcript of record were acting in discharge of their official duties and were, thus, protected by judicial immunity); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969) (holding that court reporter's and court clerk's refusal to furnish plaintiff with a portion of state criminal trial transcript were acts performed in their capacities as quasi-judicial officers, which clothed them with judicial immunity).

However, out of an abundance of caution, the court will provide Plaintiff with an opportunity to file an amended complaint that sufficiently describes his claims against Defendant. Plaintiff should be mindful to clearly explain why Defendant's refusal to provide him with the case number was not discretionary or a part of her job. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendant will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until October 3, 2013, to clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice.

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations from his prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on October 3, 2013.

4.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 4th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.